■    In the Matter of LAKESIDE COUNTRY CLUB, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— Determination unanimously modified on the facts and in the exercise of discretion in accordance with the memorandum herein, and as so modified confirmed, without costs. Memorandum: Petitioner, a membership club, made a written contract with a man and his wife to manage its restaurant and bar, by the terms of which after payment of certain expenses they were to receive the proceeds of the restaurant and 95% of the proceeds of the bar. Respondent Authority canceled petitioner's license, after a hearing, for violation of section 111 of the Alcoholic Beverage Control Law on the ground that petitioner permitted one who is not mentioned in its license to avail himself of it. Petitioner admitted entering into the agreement in 1969 after losing money in 1967 and 1968 in this operation and after being advised by legal counsel that such an arrangement was proper. The agreement was for the 1969 season only and had terminated before the hearing on January 22, 1970. While there was a violation of the Alcoholic Beverage Control Law which was not intended, no advantage or harm resulted, and it has ceased to exist. In view of the demonstrated good faith of petitioner cancellation of its license under these circumstances was so disproportionate to the offense as to constitute an abuse of discretion on the part of the respondent State Liquor Authority (*Matter of 230 Green Rest. Corp.* v. *State Liq. Auth.*, 32 A D 2d 898, affd. 27 N Y 2d 606). The penalty should be reduced to a suspension of the license for a period of 10 days. (Review of determination canceling liquor license, transferred by order of Monroe Special Term.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.